FILED
2021 Oct-06 PM 12:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| VERTIS JEROME ANTHONY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 7:21-cv-00861-AMM-SGC |
| ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Before the court is Vertis Jerome Anthony's *pro se* filing, which the Clerk of Court docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the court referred the petition to a magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991). As discussed below, the undersigned concludes this matter should be transferred to the U.S. District Court for the Middle District of Alabama under 28 U.S.C. § 2241(d).[1]

Anthony's submission consists of 56 pages, including documents he has labeled as complaints—one for civil and criminal contempt and the other for judicial misconduct—motions, his affidavit, and prior decisions. (Doc. 1). The filing contains a confusing mix of citations and quotes to federal and state legal authorities

---

[1] The filing was unaccompanied by either the $5.00 filing fee or an application for leave to proceed *in forma pauperis*. That deficiency can be addressed by the transferee court.

and prior decisions, with no discernable relationship to his asserted claims. (*See, e.g.*, Doc. 1 at 1–3, 46–56). Anthony does not appear to be seeking monetary damages. Although he does not specifically invoke 28 U.S.C. § 2254 or name any respondents, Anthony challenges his conviction and/or sentence for attempted murder in the Circuit Court of Bullock County, Alabama. (*See* Doc. 1 at 3, 7, 29–44). Specifically, Anthony contends his sentence is excessive and does not comport with current sentencing guidelines. (*Id.*). Accordingly, the undersigned concludes this matter is properly construed as a § 2254 petition.

Bullock County, where Anthony was convicted and sentenced, is located within the Middle District of Alabama. 28 U.S.C. § 81(b)(1). Anthony is incarcerated in Bibb Correctional Facility in Brent, Alabama (Doc. 1 at 1), which is located within the Northern District of Alabama. 28 U.S.C. § 81(a)(2). Federal courts sitting in the districts of conviction and confinement have concurrent jurisdiction over a § 2254 petition. 28 U.S.C. § 2241(d). However, either court may transfer a § 2254 petition to the other "in the exercise of its discretion and in furtherance of justice." *Id*. While this court has jurisdiction to hear Anthony's § 2254 petition due to his current incarceration in this district, transfer to the United States District Court for the Middle District of Alabama—where jurisdiction also is proper by virtue of Anthony's conviction there—serves the interests of justice. *See id*. The Middle District of Alabama is more familiar with state courts within its

district. Moreover, the Middle District would be more convenient for witnesses in the event of an evidentiary hearing in this matter. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973) ("Congress explicitly recognized the substantial advantages of having [habeas petitions] resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."); *Diggs v. Gordey*, 2015 WL 4941240, at *2–3 (N.D. Ala. Aug. 19, 2015) (transfer to district of conviction is presumptively more convenient); *Avalos v. Mullins*, 2010 WL 4876765, at *1 (S.D. Ala. Oct. 29, 2010), *R&R adopted* Nov. 23, 2010, 2010 WL 4876757 (transfer to district of conviction warranted due to transferee court's familiarity with local state court and on convenience grounds).[2]

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 2241(d).

## NOTICE OF RIGHT TO OBJECT

Petitioner may file specific written objections to this report and recommendation. Petitioner must file any objections with the Clerk of Court within

---

[2] While recommending transfer to the Middle District, the court notes Anthony acknowledges previously filing a federal habeas petition on August 25, 2015, in the Middle of District of Alabama, No. 2:15-cv-00618-MHT-WC, which was appealed to the Eleventh Circuit and then to the United States Supreme Court. (Doc. 1 at 7). The issue of successiveness is left to the transferee court.

14 calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

Petitioner may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may

only appeal from a final judgment entered by a district judge.

**DONE** this 6th day of October, 2021.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE