IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERTIS JEROME ANTHONY, # 282673, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. |
| | )   2:21-cv-810-WHA-SMD |
| STATE OF ALABAMA, *et al.*, | )         (WO) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.    INTRODUCTION

In June 2021, Petitioner Vertis Jerome Anthony, an Alabama inmate at the Bibb Correctional Facility, filed a *pro se* document in the U.S. District Court for the Northern District of Alabama ("USDC/NDAL"), which that court docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. As the Magistrate Judge for the USDC/NDAL noted in a Report and Recommendation entered on October 6, 2021, Anthony's submission consisted of 56 pages, including documents he labeled as complaints, motions, his affidavit, and prior decisions. Doc. 2 at 1. The Magistrate Judge further stated:

> The filing contains a confusing mix of citations and quotes to federal and state legal authorities and prior decisions, with no discernable relationship to his asserted claims. (*See, e.g.*, Doc. 1 at 1–3, 46–56). Anthony does not appear to be seeking monetary damages. Although he does not specifically invoke 28 U.S.C. § 2254 or name any respondents, Anthony challenges his conviction and/or sentence for attempted murder in the Circuit Court of Bullock County, Alabama. (*See* Doc. 1 at 3, 7, 29–44). Specifically, Anthony contends his sentence is excessive and does not comport with current

sentencing guidelines. (*Id*.). Accordingly, the undersigned concludes this matter is properly construed as a § 2254 petition.

Doc. 2 at 1–2.

On November 23, 2021, the USDC/NDAL transferred Anthony's petition to this Court under 28 U.S.C. § 2241(d). Doc. 5.

Because Anthony asserts claims attacking his 2011 Bullock County attempted-murder conviction and resulting 35-year sentence, i.e., the state court judgment under which he is imprisoned, his petition is, as found by the USDC/NDAL, properly treated as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g., Thomas v. Crosby,* 371 F.3d 782, 785–87 (11th Cir. 2004). A petitioner may not evade the procedural requirements of § 2254 by filing something purporting to be something else. *Id*. at 787. For the reasons that follow, the Court finds that Anthony's § 2254 petition constitutes a successive habeas petition subject to dismissal for lack of jurisdiction because it was filed without preauthorization from the Eleventh Circuit Court of Appeals.

## II.    DISCUSSION

Anthony's § 2254 petition is his second attempt to challenge, via habeas corpus, his 2011 Bullock County attempted-murder conviction and resulting 35-year sentence. Anthony's first § 2254 habeas petition, which he filed in this Court in August 2015, was denied and dismissed with prejudice in September 2015. *See Anthony v. Boyd,* Civil Action No. 2:15-cv-618-MHT-WC [Docs. 50, 56, 57].

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B) & (C).

Anthony furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition challenging his 2011 Bullock County conviction and sentence. "Because this undertaking [is a successive] habeas corpus petition and because [Anthony] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir.

---

[1] Section 2244(b)(1) provides:
    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
28 U.S.C. § 2244(b)(1).
Section 2244(b)(2) provides:
    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
        (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
        (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2244(b)(2).

2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the Court of Appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition).

Consequently, Anthony's § 2254 petition should be dismissed as a successive petition filed without the requisite preauthorization from the Eleventh Circuit Court of Appeals.

## III.   CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that the § 2254 petition be DISMISSED under 28 U.S.C. § 2244(b)(3)(A) for lack of jurisdiction as a successive petition filed without the required preauthorization from the Eleventh Circuit Court of Appeals.

And it is ORDERED that the parties shall file any objections to this Recommendation **by December 23, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R.

4

3-1; see also Stein v. Lanning Securities, Inc., 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of December, 2021.

/s/  Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE